Scott M. Grace, SBN 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
Phone: (619) 346-4611
Facsimile: (619) 501-8106
sgrace@gracelawapc.com

Attorney for Plaintiff Emily DeJesus

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emily DeJesus,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Jefferson Capital Systems, LLC; Law Office of Harris & Zide; and Does 1 through 5, inclusive.<br><br>　　　　　　　　　Defendants. | Case No. 20-cv-6834<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>• FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br>• CALIFORNIA FAIR DEBT BUYING PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

## I.  Introduction

1.  Plaintiff Emily DeJesus, ("DeJesus" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendants Jefferson Capital Systems, LLC ("Jefferson") and Law Office of Harris & Zide (hereinafter "Harris & Zide") (collectively "Defendants") regarding violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the California Fair Debt Buying Practices Act ("FDBPA"), all of which prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5, and therefore, sues the Defendants by such fictitious names.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. Jurisdiction and Venue

6. This action arises out of violations by each of the Defendants of the FDCPA under 15 U.S.C. §1692, *et seq*. and violations by Defendant Velocity of the FDBPA under Cal. Civ. Code §1788.50, *et seq*.

7. Jurisdiction arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

8. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## III. Parties

10. Plaintiff is a natural person residing in Harbor City, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a

Complaint                                                              Case No. 20-cv-6834

natural person purportedly obligated to pay a consumer debt, allegedly owed to Jefferson (hereinafter "Debt").

11. Plaintiff is informed and believes that Defendant Jefferson is and was at all relevant times a Minnesota limited liability company, or "LLC" engaged in the business of purchasing and collecting charged-off consumer debts with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota 56303, and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

12. Jefferson's principal purpose is to collect money on the debts it purchases, and as such Jefferson is a "debt collector" under 15 U.S.C. §1692a.

13. Defendant Jefferson, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

14. Plaintiff is informed and believes that Defendant Harris & Zide is and was at all relevant times a California law firm and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

15. Defendant Harris & Zide, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

**IV.  Facts Common to all Claims for Relief**

16. On August 9, 2019, Harris & Zide filed a complaint on behalf of Jefferson ("Collection Complaint") in the Superior Court of California for the

Complaint                                                                                            Case No. 20-cv-6834

County of Los Angeles against Plaintiff, in the matter of *Jefferson Capital Systems, LLC v. Emily S. DeJesus*, case number 19NWLC30845 ("Collection Action").

17. Plaintiff was later served with the Collection Complaint.

18. In the Collection Complaint, at paragraph number CC-4, Defendants identified the "charge-off creditor at the time of charge-off" as Barclays Bank Delaware.

19. Plaintiff is informed and believes, and thereon alleges, that the above representation is false, and that a third party "investor" actually held title to the account at issue at the time of charge-off.

20. Additionally, in paragraph CC-4 of the Collection Complaint, Defendants disclosed the names and addresses of all entities who have purchased the debt as after charge off as follows:

> CreditShop Credit Card Company, LLC
> 504 Lavaca Street, Suite 930, Austin, TX 788701
> and
> Jefferson Capital Systems, LLC
> 16 McLeland Road, Saint Cloud, MN 56303

21. Plaintiff is informed and believes, and thereon alleges, that the above representation is false, and that multiple third party "investors" purchased the debt after charge off and were not disclosed by Defendants, and Defendants chose to hide these third party "investors" from Plaintiff, and the court, in order to make it easier to seemingly prove ownership of the account.

22. The false, deceptive, and misleading statements made by Defendants were material misstatements that negatively impacted Plaintiff's statutory and legal rights, and misled Plaintiff as to the character, amount, and legal status of the alleged account, thereby causing Plaintiff confusion and anxiety.

23. At all times herein, Defendants were attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA, and a consumer debt as defined by Cal. Civ. Code §1788.2(f) of the Rosenthal Act.

Complaint                                                                                                  Case No. 20-cv-6834

# FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA by Jefferson and Harris & Zide)

24. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

25. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

 a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

 b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

 c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

 d. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

26. Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

# SECOND CLAIM FOR RELIEF

### (Violations of the FDBPA by Jefferson)

27. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

28. Velocity's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Jefferson's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

 a. Failing to state the name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt;

     b.    Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer;

36.    As a proximate result of the violations of the California Fair Debt Buying Practices Act, Plaintiff is entitled to actual damages, statutory damages of $100.00 to $1,000.00, reasonable attorney's fees and costs of this action pursuant to Cal. Civ. Code §1788.62.

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

**FDCPA**

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Jefferson and Harris & Zide and for the Plaintiff;

2.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Jefferson and Harris & Zide and for the Plaintiff;

3.    An award of costs of litigation and reasonable attorney's fees against Jefferson and Harris & Zide and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

**FDBPA**

7.    An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Jefferson and for Plaintiff;

8.    An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(1) against Jefferson and for Plaintiff;

9.    An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Jefferson and for Plaintiff; and

10.    Such other and further relief this court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

| | |
|---|---|
| Date: July 30, 2020 | /s/Scott M. Grace_____<br>Scott M. Grace<br>Attorney for Plaintiff |

Complaint

Case No. 20-cv-6834